On petitioner's reconsideration filed November 28, 1984; reconsideration allowed, former opinion (70 Or App 370, 689 P2d 1046 (1984)) adhered to as amplified and clarified April 17, petition for review denied May 29, 1985 (299 Or 203)

In the Matter of the Compensation of
Edward J. LaRoque, Claimant.

**FMC CORPORATION,**
*Petitioner,*

*v.*

**LIBERTY MUTUAL INSURANCE COMPANY et al,**
*Respondents.*

(81-11384, 81-11347; CA A28601)

698 P2d 551

Mildred J. Carmack, Portland, for petition.

Before Buttler, Presiding Judge, Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

FMC Corporation has petitioned the Supreme Court for review of our decision. 70 Or App 370, 689 P2d 1046 (1984). We treat the petition as one for reconsideration. ORAP 10.10(1). We grant the petition in order to clarify and amplify the opinion, but adhere to our former opinion.

Our opinion accurately stated that this case involves a single employer and that the dispute is between the employer's former workers' compensation insurer and the employer in its self-insured capacity about responsibility for claimant's occupational disease. However, the analysis was phrased as if it were a contest between two employers, and the authorities cited involved the issue of which of two or more employers was responsible for the claimant's disability. What is lacking is a transitional explanation that the application of the last injurious exposure rule is the same in cases involving successive insurers (including a self-insured employer) as it is in those involving successive employers. Lacking that explanation, the opinion is confusing, because it gives the impression that the employer *qua* employer may not be liable. There is no question here that FMC is liable as the employer of claimant; the issue is whether it must pay the claim as a self-insured employer or whether its former insurer must pay it. We proceed with that explanation.

*Davidson Baking v. Ind. Indemnity,* 20 Or App 508, 532 P2d 810, *rev den* (1975), involved a claim for a hearing loss allegedly incurred during a 20-year period of employment at Davidson Baking. Each of the three insurers that had covered the company's compensation liability during the relevant period denied the claim. The referee, the Board and the circuit court concluded that the claimant had suffered a compensable disability and that the last carrier was responsible. On *de novo* review this court affirmed compensability of claimant's condition as an occupational disease. The other issues were whether the claim had been timely filed and, if so, which of the carriers was responsible. The court decided, first, that the contemporary version of ORS 656.307 authorized the Board to make a determination of responsibility among the single employer's

successive insurers.[1] Turning to the timeliness and responsibility issues, this court, rather summarily, determined that the claim was timely filed on the ground that "[t]o hold that disability from an occupational disease may mature in stages would place an unfair burden on the workman with respect to the timely filing of claims." 20 Or App at 515.[2]

On the responsibility question, we adopted the rule in *Mathis v. SAIF,* 10 Or App 139, 499 P2d 1331 (1972), involving a workman who had been exposed to asbestos over a 31-year period in several employments, and applied the "last injurious exposure" rule derived from 3 Larson, Workmen's Compensation Law § 95.21 (1971).

The Supreme Court did not review either *Mathis* or *Davidson Baking.* The issues of the procedures and the basis for allocating responsibility between successive carriers for a single employer or between a carrier and a subsequently or

---

[1] ORS 656.307, *amended by* Or Laws 1979, ch 839, § 8, provided:

"(1) Where there is an issue regarding:

"(a) Which of several subject employers is the true employer of a claimant worker;

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

"(d) Joint employment by two or more employers,

the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4). When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. Any failure to obtain reimbursement from an insurer or self-insured employer shall be recovered from the Administrative Fund.

"(2) No self-insured employer or an insurer shall be joined in any proceeding under this section regarding its responsibility for any claim subject to ORS 656.273 unless the issue is entitled to hearing on application of the worker.

"(3) The claimant shall be joined in any proceedings under this section as a necessary party, but may elect to be treated as a nominal party."

[2] ORS 656.807(1) now reads:

"(1) Except as otherwise limited for silicosis, asbestosis and asbestos-related diseases, all occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease whichever is later."

previously self-insured employer did not arise again until *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980). The claimant there had worked for Forest Fiber from 1966 until 1977. Until April 1, 1976, the employer had been a "contributing employer"[3] covered by SAIF. When the claim was made in September, 1976, the employer was a "direct responsibility employer."[4] The claim was filed with the employer, and no claim was ever submitted directly to SAIF. For reasons that do not appear in the opinion, apparently no action was taken on the claim until January, 1978, when the employer's carrier at the time of the claim, Employee Benefits Insurance Company, denied it as noncompensable.

The claimant requested a hearing, and the referee, at claimant's request, brought in SAIF as a defendant with EBI. The claimant took no position as to which of the carriers was responsible, and each of the carriers attempted to show that the other was responsible. Ultimately, the Board held that neither carrier was liable, which meant that the claimant would receive no compensation for his hearing loss, which all the parties agreed was job-related.[5]

Given that peculiar posture of the case, it is not particularly surprising that the Supreme Court found a way to give the claimant another opportunity to obtain compensation. The court said at the very beginning of its analysis: "The petitioner in this case presents the same problem as the occupational disease claimant who at different times held jobs with several employers, each of which involved exposure to conditions which might cause the disease." 288 Or at 341. That statement contains the same confusion that is contained in our original opinion in this case, which we propose to clarify. It seems fairly obvious that Inkley's problem was by no means the same as in a successive employer case, for his *only* burden was to show a causal relationship between conditions in his place of employment and his illness. In fact, just two pages after the quoted statement the court said, 288 Or at 343: "When only one employer is involved, the claimant must show

---

[3] Now called a "carrier-insured employer." ORS 656.017(1)(a).

[4] Now called a "self-insured employer." ORS 656.017(1)(b).

[5] It remains a mystery how at every stage of the case the legal fact of the *employer's* liability was overlooked.

a causal relationship between workplace conditions and his illness." When *Inkley* was decided, ORS 656.307, *supra* n 1, provided:

"(1) Where there is an issue regarding:

" * * * * *

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"* * * * *

the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payment shall begin in any event as provided in ORS 656.262(4). When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. * * *

"* * * * *

"(3) The claimant shall be joined in any proceedings under this section as a necessary party, but may elect to be treated as a nominal party."

Why that statutory procedure was not followed, given that all parties agreed that the claimant's hearing loss was job-related, does not appear in the case. ORS 656.307 is not even mentioned.

Having started with the proposition that the problem was the same as in the case with successive employers, the court turned to this court's opinion in *Mathis v. SAIF, supra,* and adopted the last injurious exposure rule. Subsequently, in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982), the court analyzed the last injurious exposure doctrine as encompassing a rule of liability and a rule of proof, noting that (at least with respect to the rule of proof) it applies in the single employer situation the same as in the case of successive employers. 293 Or at 246. *See also Grable v. Weyerhauser Co.,* 291 Or 387, 631 P2d 768 (1981). *Inkley v. Forest Fiber Products, supra,* imported the last injurious exposure rule into the single employer, successive carriers situation.

That rule is applicable to this case, but we emphasize that FMC, as employer, is liable for claimant's occupational disease. It was claimant's only employer, and the conditions that could have caused his occupational disease existed during

Liberty Mutual's coverage and while FMC was self-insured. We adhere to our original opinion that FMC has not demonstrated that it was impossible for conditions at its plant to have caused claimant's disease while it was self-insured and, therefore, FMC, as a self-insured employer, is responsible for the payment of compensation under the last injurious exposure rule.

Reconsideration granted; former opinion adhered to as amplified and clarified.