Argued and submitted April 12, reversed and remanded December 4, 1985

In the Matter of the Compensation of
Daniel P. Miville, Claimant.

MIVILLE,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(83-06440; CA A33679)

710 P2d 159

Patrick L. Hadlock, Corvallis, argued the cause for petitioner. On the brief were S. David Eves and Ringo, Walton, Eves & Stuber, P.C., Corvallis.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this workers' compensation case, claimant seeks review of a Board order that reversed the referee's determination that his worsened back condition was the responsibility of a previous employer. On *de novo* review, we reverse and remand.

Claimant suffered a compensable back injury on November 8, 1980, while working for SAIF's insured, Good Samaritan Hospital, in Corvallis. He also suffered off-the-job injuries on May 31 and November 11, 1981, which required medical treatment. On December 11, 1981, he was awarded 5 percent unscheduled permanent partial disability. In October, 1982, he suffered a back injury while working for J. C. Penney, in Washington, for which he was compensated in Washington for an aggravation.[1] In January, 1983, he moved to Indiana and suffered two back injuries while working for a hospital. It is not clear whether he filed a claim in Indiana. In April of that year, he returned to Oregon and saw an Oregon chiropractor because of increased back pain. He sought compensation from SAIF for treatment of his condition as an aggravation of the November, 1980, injury. SAIF denied the request. The referee held that the treatment was SAIF's responsibility; the Board reversed.

The issue is whether claimant should be compensated in Oregon, by SAIF, for his present condition, which all agree has worsened since the 1980 injury. The Board found, and SAIF agrees, that the out-of-state injuries contributed independently to the present worsened condition, thereby relieving SAIF of liability. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). Claimant argues that the out-of-state injuries did not independently contribute to his present disability and, therefore, his claim is for an aggravation for which the original employer is responsible.

In the alternative, claimant argues that it is irrelevant whether the out-of-state injuries independently contributed to his worsened condition, because the compensable 1980 injury was a material contributing cause of his present disability, making SAIF responsible. He relies on *Grable v.*

---

[1] Washington's compensation laws apparently differ from those of Oregon in this respect.

*Weyerhaeuser Co.,* 291 Or 387, 631 P2d 768 (1982), in which the court held that, if a compensable on-the-job injury and a subsequent *off-the-job* injury both materially contribute to the claimant's worsened condition, the employer remains responsible. Here, however, the subsequent injuries were *on the job,* even though they were beyond the jurisdiction of the Oregon workers' compensation system.

The question is how far the policy decision adopted in *Grable* goes. That policy appears to be that a worker who suffers what would ordinarily be a noncompensable off-the-job injury should not go uncompensated if an earlier compensable on-the-job injury remains a material contributing cause of the disability. If, in such a case, the compensable injury is a "material contributory cause" of the disability, the worker has established that the worsened condition is not the result of an "independent intervening" nonindustrial cause. That policy is distinct from the rule of *Smith v. Ed's Pancake House, supra,* which held that, in the case of successive injuries and successive employers, the second employer will be held responsible for a new injury that independently contributes to a disability, even if the earlier injury remains a material or major cause of the disability. The two cases would seem to be in conflict but for the fact that *Smith* involved successive on-the-job injuries while the claimant was employed by different employers. 291 Or at 401. The rule announced in *Grable* is, in a sense, analogous to the last injurious exposure rule for occupational diseases. Each is primarily a claimant's rule, because it assigns responsibility in a way that provides compensation under circumstances when it might not otherwise be available, either because of problems of proof or because the disability-causing event was not job related.

Here, if claimant's injuries had occurred on the job in Oregon, the rule in *Smith* would assign liability to the later employer if the injuries contributed independently to the disability. If, on the other hand, those injuries had occurred off the job, *Grable* would apply and we would hold the first employer responsible.

The rules in *Grable* and *Smith* arose in a context in which Oregon has "control" over the assignment of responsibility either to a subsequent employer, if there is one, regardless of whether that employer is a noncomplying one, or

to the original employer, if there is not. Oregon can apply its own rules consistently between Oregon employers. Here, however, Oregon does not have that control, because three of the later injuries occurred out of the state. If, for example, we were to hold here that the Indiana incidents were new injuries, rather than aggravations of the Oregon injury, and were to apply the rule in *Smith,* claimant would have no means of enforcing that result against the Indiana employer. Similarly, if claimant had filed a claim in Indiana, and Indiana had determined that the incidents were aggravations of the Oregon injury and, unlike Washington, had a rule which required the first employer to remain responsible, claimant would have no means of enforcing that result against the Oregon employer. In either case, he would remain uncompensated for injuries which were clearly work related. That would be contrary to the policy of the workers' compensation system.

For this reason, we conclude that the rationale of *Grable* should apply when a claimant has suffered an on-the-job injury in another state for which he has claimed, but has not been awarded, compensation, and the medical evidence is that the original Oregon injury materially contributed to the claimant's present disability, even though the out-of-state injuries contributed independently to the present disability.

Here, the medical evidence shows that claimant would not be in his present condition if it were not for the three out-of-state injuries, that they were discrete events and that they contributed independently to his present condition. The medical evidence also shows, and all agree, that the November, 1980, Oregon injury materially contributed to his present disability. Accordingly, SAIF remains responsible, if claimant has filed a claim in Indiana that has resulted in a final determination that his condition is not compensable in that state. If claimant has not filed a claim in Indiana, or if he has done so and has been awarded compensation, SAIF is not responsible for claimant's present condition.

Reversed and remanded to determine whether claimant has filed a claim in Indiana and, if so, whether his condition has been finally determined to be compensable in that state, and for further proceedings not inconsistent with this opinion.