Argued and submitted September 15, 1985, affirmed March 26, 1986

In the Matter of the Compensation of
William O. Olson, Claimant.

OLSON,
*Petitioner,*

*v.*

EBI COMPANIES et al,
*Respondents.*

(83-04101; CA A34569)

715 P2d 1348

Edward J. Harri, Albany, argued the cause for petitioner. On the brief were J. David Kryger and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Albany.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee's decision that his disability is compensable as an aggravation of a 1979 injury.

Claimant compensably injured his neck and upper back in February, 1979, while working for ASB Construction, an Oregon employer. After treatment, he was released for work in January, 1980. In February, 1983, while working in California for M & H Construction, a California employer, he worked for four hours operating a backhoe under conditions that required him to work with his neck in a twisted position. Shortly thereafter he began having more difficulty.[1] The symptoms were identical to those that claimant experienced in 1979. Although claimant had not been completely free of symptoms since he was released for work in 1980, he had not received any medical treatment. He sought treatment for his 1983 problems in Oregon and compensation from ASB's insurer, EBI, claiming an aggravation of the 1979 injury. EBI denied the claim. Ultimately, in July, 1983, claimant underwent surgery.

The referee concluded that claimant had suffered an aggravation of the earlier injury, and set aside the insurer's denial. The Board reversed, holding that claimant had suffered a new injury for which ASB Construction was not responsible. We affirm.

Although claimant was not asymptomatic before the 1983 incident, his condition had been fairly stable and he had not needed treatment. The evidence does show, however, that his condition after the 1979 injury deteriorated independently of the 1983 incident. Dr. Tiley, an examining physician, wrote:

"[T]here is certainly no question in my mind that the 1979 incident in February was a material contributing factor to the spondylosis with its radicular component, that lead [sic] to the surgical treatment * * *."

There is also evidence that the 1983 work exposure was a material contributing cause of claimant's disability. Dr.

---

[1] It is not disputed that, for the purpose of this case, M & H Construction is a California employer.

Melgard, claimant's treating physician, wrote, on May 26, 1983:

> "* * * There is an unequivocal relationship to the injury of February 8, 1983 when the patient was using a backhoe working on a freeway. He had a previous problem in 1979, and apparently had an irritation of the nerve roots at C5-6 and C6-7 at that time, but the current episode in February of 1983 was the insighting [*sic*] current cause."

In a letter questionnaire, Melgard answered "Yes" to the insurer's question of whether the February 8, 1983, occurrence was a material contributing factor to claimant's current condition.

On *de novo* review, we find that claimant's February, 1983, work exposure in California was a discrete event that brought on symptomatology almost immediately and that it contributed independently to claimant's disability. Accordingly, his disability is the result of a new injury, rather than an aggravation. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). We also find that the 1979 Oregon injury was a material contributing cause of the disability. In *Miville v. SAIF,* 76 Or App 603, 710 P2d 159 (1985), we held, under similar circumstances, that the policy stated in *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), would require the Oregon employer to remain responsible *if* the claimant had filed a claim in the foreign state where the second injury occurred and that claim had been rejected and *if* the Oregon injury was a material contributing cause of his present disability. Here, no claim was filed in California. We hold, therefore, that the Oregon employer is not responsible for claimant's disability.

Affirmed.