Argued and submitted July 31, 1985, affirmed April 9, reconsideration denied July 11, petition for review pending 1986

In the Matter of the Compensation of
Thomas L. Runft, Claimant.

RUNFT,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-03962; CA A34302)

717 P2d 248

Diana Craine, Portland, argued the cause for petitioner. On the brief were Jeffrey S. Mutnick, Robert K. Udziela and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's order holding that SAIF, as insurer for Specialized Service, is not responsible for claimant's asbestosis.

Claimant worked for Specialized Service as a mechanic for seven years, from 1959 to January, 1966, fabricating brake linings for trucks, automobiles and industrial machinery. The work produced great clouds of asbestos dust. Claimant worked in a small room, without ventilation or respiratory protection. Later he worked as a brake mechanic for four years at International Harvester, where he was exposed to asbestos occasionally when he cleaned out old brake shoe dust. The record does not show the details of exposure or the dates of employment. In January, 1983, claimant filed a claim with SAIF (Specialized Service's insurer) for compensation based on injurious exposure to asbestos. In March, the claim was denied. In August, 1983, Dr. Lawyer, a specialist in pulmonary disease, determined that claimant suffered from asbestosis.

Claimant filed a claim against Specialized Service only, and no subsequent employers were joined by employer or claimant. Although employer denied compensability, as well as responsibility, it now agrees that the condition is a compensable occupational disease, and uncontradicted medical evidence indicates that claimant's work at Specialized Service was the major contributing cause of the disease. The only question is whether the last injurious exposure rule may be used by SAIF as a defense to this claim on the theory that work conditions at the later employer *could* have caused the disease, relieving SAIF of responsibility.

■■ As a rule of "liability" in cases of successive employment, each of which has contributed to the totality of the disease, the last injurious exposure rule assigns responsibility to the last employer where work conditions could have caused a worker's disabling condition. *Bracke v. Baza'r,* 293 Or 239, 248, 646 P2d 1330 (1982). As a rule of proof, if a claimant proves that the disease was caused by work exposure, the last employment where work conditions could have caused the disease is considered to have caused it, even though the claimant has not proved that the conditions of the last

employment were the actual cause and even though work conditions at a previous employment also could have caused the disease. *Bracke v. Baza'r, supra,* 293 Or at 249. Here, as in *Bracke,* there is no problem of proof. The record shows that both employments contributed to the disability. Here, as in *Bracke,* claimant proved that his disease was work-related without reliance on the last injurious exposure rule; however, unlike in *Bracke,* he did not show that he became disabled solely as a result of work conditions at employer. The rule enters the case only because employer contends that the subsequent employer should be held responsible, because working conditions there were injurious. In *Bracke,* the Supreme Court acknowledged an employer's right to use of rule[1] in that manner:

> "The operation of the rule, as we said in *Inkley,* [*v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980)] provides certainty in a way which is 'somewhat arbitrary.' It operates generally for the benefit of the interests of claimants. It is fair to employers only if it is applied consistently so that liability is spread proportionately among employers by operation of the law of averages. We hold that employers have and may assert an interest in the consistent application of the last injurious exposure rules, either as to proof or liability, so as to assure that they are not assigned disproportionate shares of liability relative to other employers who provide working conditions which generate similar risk." 293 Or at 249.

Then, in a footnote, 293 Or at 250 n 5, the court questioned the use of the last injurious exposure rule of proof as a defense to defeat the rights of a claimant who successfully proves actual causation.

In *SAIF v. Luhrs,* 63 Or App 78, 83, 663 P2d 418 (1983), we attempted to reconcile those seemingly contradictory statements. We stated:

> "* * * We believe that the right to assert the rule defensively depends on whether that single employer [the only one against whom a claim was made] is the last employer where working conditions were such that they could have caused the disease. If so, the rule may not be asserted as a defense. Where, however, the employer against whom the claim is filed is not

---

[1] In our opinion in *Bracke,* 51 Or App 627, 626 P2d 918 (1981), we disapproved our statement in *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977), that the rule works both ways—that is, both for and against a claimant.

the last employer where working conditions were potentially injurious, that employer may assert the rule as a defense; however, whether it will be successful depends on the medical evidence, as in *Bracke.* \* \* \*"

We concluded that, if the claimant's evidence is that the working conditions at the earlier employment were the actual cause of the disease and that the later exposure was non-injurious, the defense will not succeed.

■ Here, as in *Luhrs,* SAIF is entitled to raise the last injurious exposure rule as a defense to responsibility. There is evidence, not only of a later employment where working conditions could have caused the disease, but that those conditions were injurious. Claimant did not become disabled during his employment with employer. Dr. Lawyer testified unequivocally and without contradiction that claimant's four-year employment at International Harvester contributed to his asbestosis to a lesser extent, but "significantly." Accordingly, SAIF has established the last injurious exposure defense. *See FMC Corp. v. Liberty Mutual Ins. Co.,* 70 Or App 370, 689 P2d 1046 (1984), *mod* 73 Or App 223, 698 P2d 551, *rev den* 299 Or 203 (1985).

■ Claimant contends, however, that more is required of SAIF. He correctly notes that the rule of last injurious exposure "operates generally for the benefit of the interests of claimants." *Bracke v. Baza'r, supra,* 293 Or at 249. At the same time, it is employed to spread liability "fairly among employers by the law of averages." *Bracke v. Baza'r, supra,* 293 Or at 248. To achieve both objectives, claimant argues, we should hold that the employer against whom a claim is filed must join the subsequent employer to whom it seeks to shift responsibility. *See Bracke v. Baza'r, supra,* 293 Or at 250 n 5.[2] Although that proposed rule has some appeal, we find no authority that would permit joinder when, as here, compensability, as well as responsibility, was at issue at the time when the claim was denied and at hearing. *See* ORS 656.307;[3] OAR 436-54-332.

---

[2] Here, claimant could not have filed a claim against International Harvester at the time of the hearing, when the defense of last injurious exposure was raised by SAIF, because the time for filing a claim had expired. ORS 656.807(4).

[3] ORS 656.307 provides:

"(1) Where there is an issue regarding:

"(a) Which of several subject employers is the true employer of a claimant worker;

Affirmed.

---

"(b)  Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c)  Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

"(d)  Joint employment by two or more employers,

"the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4). When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. Any failure to obtain reimbursement from an insurer or self-insured employer shall be recovered from the Administrative Fund.

"(2)  No self-insured employer or an insurer shall be joined in any proceeding under this section regarding its responsibility for any claim subject to ORS 656.273 unless the issue is entitled to hearing on application of the worker.

"(3)  The claimant shall be joined in any proceedings under this section as a necessary party, but may elect to be treated as a nominal party."