Argued and submitted September 5, affirmed in part, reversed in part, cross-petition rendered moot July 2, 1986

In the Matter of the Compensation of
William Vaandering, Claimant.

PROGRESS QUARRIES et al,
*Petitioners - Cross-Respondents,*

*v.*

VAANDERING,
*Respondent - Cross-Petitioner,*

TODD BUILDING et al,
*Respondents - Cross-Respondents.*

(WCB 82-07420; WCB 82-09180; WCB 82-09204,
WCB 82-10649; CA A33651)

722 P2d 19

Jerald P. Keene, Portland, argued the cause for petitioners - cross-respondents. With him on the brief were Craig A. Staples, and Roberts, Reinisch & Klor, P.C., Portland.

John Uffelman, Hillsboro, argued the cause for respondent - cross-petitioner William Vaandering. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents - cross-respondents Todd Building and State Accident Insurance Fund Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

William H. Stockton, Hillsboro, filed the brief for respondent - cross-respondent Coast Marine Construction.

Catherine Riffe, Portland, argued the cause for respondents - cross-respondents J. C. Compton Company and Argonaut Insurance. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this workers' compensation case is which of several employers is responsible for claimant's occupational diseases of hearing loss and tinnitus. Claimant filed occupational disease claims against most of the employers for whom he had worked since 1975. It was conceded that both conditions were work related and that the issue was which employer was responsible for each condition. The referee concluded that petitioner Progress Quarries was responsible for the hearing loss and that respondent Todd Building, insured by SAIF, was responsible for the tinnitus. On review, the Workers' Compensation Board held that petitioner was responsible for both conditions.

Progress Quarries and its insurer, Western Employers Insurance, petition for review. Claimant cross-petitions for review regarding attorney fees and an issue of extent of disability.

As a result of years of exposure to loud noise resulting from his job as a heavy equipment operator, claimant has a substantial hearing loss. He also suffers from tinnitus, a condition characterized by a steady and annoying ringing in his ears which can become disabling. Although the noise induced hearing loss and the tinnitus are closely related, they are distinct occupational diseases that have distinct causes.

We address the hearing loss claim first. Most of claimant's employments were of a kind that could have contributed to his hearing loss. The Board correctly concluded that, in such a case, liability is assigned to the claimant's employer at the time that the disease results in disability. *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984). Although claimant experienced progressive hearing loss and discomfort from the tinnitus, he continued to work. When, as here, a claimant is not actually disabled from work, the "triggering event" for assignment of responsibility is the date when claimant first seeks medical treatment for the condition. *SAIF v. Carey,* 63 Or App 68, 662 P2d 781 (1983).

Claimant first sought medical treatment for his ear problems on January 19, 1982, during a period when he was unemployed. The Board found that petitioner was responsible

for the hearing loss, because it had provided the last potentially causal employment before claimant's medical treatment. Petitioner contends it is not responsible, because claimant in fact worked for two other employers after he quit work at Progress Quarries and before he sought medical treatment. The most recent employer before the medical treatment was not named in claimant's claim. He worked for that employer, Jean Zimmerly Construction Company, from December 15, 1981, to January 4, 1982. He worked for approximately 11 days during that period. The next previous employer after Progress Quarries was respondent Coast Marine Construction. The referee and the Board concluded that Coast Marine was not subject to the Oregon Workers' Compensation Act, and that finding is not challenged or addressed by any party other than respondent Coast Marine.

■   Petitioner argues that it is entitled to use the last injurious exposure rule defensively by showing that a subsequent employment environment was potentially the cause of the disease. As a general proposition, that is correct; however, it must be established, at least, that the subsequent employment involved the conditions that are the major medical contributing cause of the disease. *Runft v. SAIF,* 78 Or App 356, 717 P2d 248 (1986). There is scant evidence to establish what the working conditions were at the Jean Zimmerly Construction Company work site or whether that work environment was such that it could have caused claimant's hearing loss or tinnitus. Petitioner has not established a basis for shifting responsibility for either condition to Jean Zimmerly Construction Company.

■   Petitioner argues in the alternative that, if Jean Zimmerly is not responsible, then the next subsequent employer, Coast Marine, is liable. The Board held, without elaboration, that, because claimant's employment with Coast Marine was out of state and not covered under Oregon's Workers' Compensation Act, petitioner, as the next employer in line, was responsible.

Claimant and SAIF argue that an employment not covered under Oregon's Workers' Compensation Act cannot be proffered defensively as a potentially causal environment of the claimed occupational disease. Petitioner cites *Miville v. SAIF,* 76 Or App 603, 710 P2d 159 (1985), and argues that

claimant must prove that he sought out-of-state benefits from Coast Marine and received a final order disallowing them before it, as an Oregon employer, can be deemed responsible under the last injurious exposure rule. *Miville* involved the question of whether the claimant's back condition was an aggravation of a prior compensable injury or a new injury, and if so, which employer was responsible. The relevant employment following the original injury was out of state and not covered by Oregon's workers' compensation law. The medical evidence showed that the subsequent out-of-state employment contributed independently to the condition and that the Oregon employment materially contributed to the present disability. Had all employers been Oregon employers, the second employer would have been liable under the analysis in *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). Because the second employer was out of state, a finding of liability under Oregon law would not have operated against that employer and the claimant would not have been compensated for an admittedly employment related condition. The claimant had argued that *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), applied and because the out-of-state injury, although job related, was not covered by Oregon's workers' compensation system, it should be categorized as an off-the-job injury. In that instance, the Oregon employer would be liable for aggravation benefits. In order to provide benefits under the Oregon compensation system and also to prevent a double recovery by claimant, we said that the claimant could recover in Oregon if he had filed a claim in the state where the second employer was located and was denied recovery. If, however, he did not file a claim or having filed a claim was awarded compensation in the other state, the Oregon employer would not be liable.

That opinion reflects an accommodation between the seemingly conflicting holdings of *Grable v. Weyerhaeuser Company, supra,* and *Smith v. Ed's Pancake House, supra,* and met the underlying policy of providing compensation for work related injuries. Although some of the same policy considerations apply respecting administration of the last injurious exposure rule regarding occupational disease, the analysis is not readily transferable to the problems of responsibility for an occupational disease. *Grable, Smith* and *Miville* all involve an initial compensable injury and a subsequent increased

disability of the same part of the body. They do not involve the problems of proof and responsibility which produced the disease-oriented last injurious exposure rule, under which issues are whether there is compensability in the first instance and which of the successive employers or carriers is responsible.

As the Supreme Court noted in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982), the rule, which is for claimants' benefit, can operate fairly for employers if applied consistently. The basic overall fairness can be achieved only if application of the rule remains under control of the Oregon workers' compensation system. If out-of-state employment is considered, the systematic application of the rule breaks down. By reason of the analysis required under the last injurious exposure rule, only if the Oregon employment environment is injurious and a potential cause of the disease can the claimant be entitled to compensation under the rule of proof aspect of the doctrine. An individual employer escapes liability because Oregon has no apportionment provision and because of a policy to award compensation for occupational disability despite a lack of precision in the proof. The doctrine would not be served by requiring this claimant to file a claim in Washington to determine if that state would provide some measure of compensation.

■ Petitioner is responsible under the last injurious exposure rule for claimant's hearing loss.

Claimant's tinnitus is work-related. Claimant testified that he first noticed the tinnitus while employed by petitioner, Progress Quarries. Claimant also testified that the whistling in his ears worsened, becoming higher in frequency and steadier, during his employment with respondent Todd Building. Petitioner argues that, under the last injurious exposure rule as explained in *Boise Cascade Corp. v. Starbuck, supra,* 296 Or at 243, responsibility shifts to a subsequent employer whenever the later employment conditions contribute to the cause of, aggravate, or exacerbate the underlying disease, and Todd should be held responsible for claimant's tinnitus.

The Board found, however, that:

"In the absence of objective testing, we are not convinced

that the worsening was anything more than the natural progression of his underlying tinnitus condition."

We find the Board's conclusion flawed. All the evidence indicates that, other than for verifying the existence of the condition, there is no objective way of determining the progression of tinnitus. The examining physician must rely on the patient's subjective testimony as the only means of determining if the condition has worsened.

Claimant testified that his tinnitus definitely worsened while he was at Todd. He stated that the condition peaked during that employment. The evidence indicated that even low levels of noise can aggravate tinnitus and that noise levels at Todd could in fact have aggravated claimant's condition. The referee found claimant to be a credible witness. The Board did not make an express credibility finding and, indeed, its decision was not based on claimant's credibility but on the lack of objective test results which were not obtainable. In this case the result hinges on claimant's credibility, because his testimony is the only evidence available regarding the aggravation of his tinnitus. We find, as the referee did, that Todd Building is the responsible employer,[1] and reinstate the referee's finding of responsibility and award of attorney fees regarding tinnitus.

■ Claimant's cross-petition regarding attorney fees is resolved by our decision which reinstates the referee's order. He also asks that we make a finding based on supplemental evidence we allowed him to file in this court that his tinnitus condition is disabling. The issue is which employer is responsible for the condition. The extent of disability is not yet involved. The cross-petition is moot.

On petition, affirmed in part, reversed in part; cross-petition rendered moot; referee's decision reinstated.

---

[1] The referee reached this result by a slightly different method. He found that claimant was disabled by his employment with Todd Building and that that disability was the triggering event for purposes of the last injurious exposure rule. Todd disputes any finding that claimant left its employ disabled. We need not reach the matter because we have concluded that claimant's medical treatment was the triggering event for purposes of the last injurious exposure rule and that, pursuant to *Boise Cascade Corp. v. Starbuck, supra,* responsibility shifts to Todd as a subsequent employer where employment conditions exacerbated claimant's underlying disease.