Argued and submitted February 11, affirmed August 28, 1991

In the Matter of the Compensation of
Gilbert V. Wootton, Claimant.

Gilbert V. WOOTTON,
*Petitioner,*

*v.*

STADELI PUMP & CONSTRUCTION,
and EBI Companies,
*Respondents.*

(88-06038; CA A65378)

816 P2d 689

Arthur P. Klosterman, Salem, argued the cause for petitioner. With him on the brief was The Law Offices of Brian R. Whitehead, Salem.

Lin A. Zimmerman, Portland, argued the cause for respondents. With him on the brief was Beers, Zimmerman, et al, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

---

* Joseph, C. J., *vice* Newman, J.

DEITS, J.

## DEITS, J.

In this workers' compensation case, claimant seeks review of a Workers' Compensation Board order that held that his worsened back condition is the responsibility of a California employer. We affirm.

Claimant suffered a compensable back injury in Oregon on August 8, 1980, for which he was awarded 55 percent permanent partial disability by employer. On August 18, 1987, claimant suffered another injury to his back while working in California. The California employer accepted his claim for that injury and has paid claimant temporary disability benefits and benefits for medical services. He may be entitled to permanent total disability (PTD) under California law, but that has yet to be determined. He also filed an Oregon aggravation claim after the California injury. Employer denied the claim, asserting that, under *Miville v. SAIF,* 76 Or App 603, 710 P2d 159 (1985), acceptance of the 1987 California claim relieved the Oregon employer of any further responsibility for the 1980 Oregon injury. The Board upheld the denial.

Claimant argues that the Board erred, as a matter of law, in upholding denial of his aggravation claim. The parties agree that the 1987 California injury contributed independently to claimant's present disability and that his 1980 Oregon injury remains a material contributing cause of his current condition. Claimant acknowledges that, if this case involved two Oregon employers, responsibility would shift to the second employer. *Colwell v. Trotman,* 47 Or App 855, 858, 615 P2d 1094 (1980). Under California law, however, responsibility does not shift to the last employer, but is apportioned between employers, on the basis of the percentage of disability attributed to each.[1] Claimant argues that, because of that, if the last injurious exposure rule is applied and the Oregon employer is absolved of responsibility for his disability, he will not be fully compensated, because he will only receive compensation for that portion of the injury for which the California employer is responsible. Claimant contends that that

---

[1] Apparently, under California law, responsibility for medical services and temporary disability is not apportioned.

result is inconsistent with our holding in *Miville v. SAIF, supra.*

In *Miville,* the claimant had suffered a compensable back injury in 1980, while working for an Oregon employer. Subsequently, he suffered off-the-job injuries and on-the-job injuries in Washington and Indiana. He then returned to Oregon, received chiropractic treatment and filed a claim for aggravation of his 1980 injury. The Oregon employer denied the claim, and the Board upheld the denial. On review, we found that the out-of-state injury had independently contributed to the claimant's condition and that the earlier Oregon injury had materially contributed to his present disability. Our analysis required us to choose between the holding of *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), that, if a compensable on-the-job injury and a subsequent off-the-job injury both materially contribute to the claimant's worsened condition, the employer remains responsible, and that of *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976), where we held that, in the case of successive injuries and successive employers, the second employer is responsible for a new injury that independently contributes to a disability, even if the earlier injury remains a material contributing cause of the disability. We said that

> "the rationale of *Grable* should apply when a claimant has suffered an on-the-job injury in another state for which he has claimed, but has not been awarded, compensation, and the medical evidence is that the original Oregon injury materially contributed to the claimant's present disability, even though the out-of-state injuries contributed independently to the present disability. * * * If claimant has not filed a claim in [the other state], or if he has done so and has been awarded compensation, [the Oregon insurer] is not responsible for claimant's present condition." *Miville v. SAIF, supra,* 76 Or App at 607.

We concluded that, to hold otherwise, would result in the worker being uncompensated for injuries that clearly were work-related.

Claimant argues that, under *Miville,* responsibility should not shift to an employer in another state unless, under the laws of that state, the claimant will be fully compensated

for his disability. The Board rejected that argument, adopting the order of the referee:

> "Certainly, a rule that distinguishes between those states that apportion permanent disability to a preexisting injury and those that shift responsibility could be applied systematically. I, however, decline to apply such a rule because, in essence, it would allow foreign jurisdictions to decide and dictate to Oregon employers/insurers what benefits they owe while denying the Oregon employers/insurers due process rights of participating in or defending against the decision of the foreign jurisdiction. Additionally, it would create apportionment in Oregon where it does not currently exist. *Inkley v. Forest Fiber Products Co.,* 288 Or 337[, 605 P2d 1175] (1980); *Boise Cascade Corp. v. Starbuck,* 296 Or 238[, 675 P2d 1044] (1984)."

We also implicitly rejected claimant's argument in *Olson v. EBI Co.,* 78 Or App 261, 715 P2d 1348 (1986). In that case, the claimant had suffered a compensable injury to his neck and back in 1979, while working in Oregon. In 1983, he again injured his neck and back, while working in California for a California employer. He filed an aggravation claim with the Oregon employer for the California injury. We found that the new injury independently contributed to the claimant's disability. We also found that the 1979 Oregon injury was a material contributing cause of the disability. We concluded that, because the California injury independently contributed to the claimant's disability and because California had not rejected his claim, the Oregon employer was no longer responsible for the claimant's injury:

> "In *Miville v. SAIF,* 76 Or App 603, 710 P2d 159 (1985), we held, under similar circumstances, that the policy stated in *Grable v. Weyerhaeuser Company,* [*supra*], would require the Oregon employer to remain responsible *if* the claimant had filed a claim in the foreign state where the second injury occurred and that claim had been rejected and *if* the Oregon injury was a material contributing cause of his present disability. Here, no claim was filed in California. We hold, therefore, that the Oregon employer is not responsible for claimant's disability." 78 Or App at 264.

Here, the California injury did independently contribute to the claimant's condition. The California employer did not reject the claim but, in fact, accepted it and is paying

temporary disability and medical service benefits to claimant.[2] There is no requirement that a claimant must be compensated by an out-of-state employer to the same extent that he would be in Oregon in order for responsibility to shift under the last injurious exposure rule to the out-of-state employer. We hold, therefore, that the Board properly upheld employer's denial of claimant's aggravation claim.

Affirmed.

---

[2] It is not a certainty that claimant will not be fully compensated for his disability. Although California law does allow for apportionment of PTD, assuming that claimant is found to be eligible for PTD, it is possible that responsibility for claimant's injury may not be apportioned. Further, under California law, the Subsequent Injury Relief Fund provides relief under some circumstances to workers who are not receiving full compensation for a disability.