Argued and submitted February 7, 1994, reversed and remanded for reconsideration
March 8, 1995

In the Matter of the Compensation of
Kevin P. Silveira, Claimant.

Kevin P. SILVEIRA,
*Petitioner,*

*v.*

LARCH ENTERPRISES
and SAIF Corporation,
*Respondents.*

(WCB 91-05623; CA A80657)

891 P2d 697

Edward J. Harri argued the cause for petitioner. With him on the brief were J. Robert Moon, Jr., and Coughlin, Leuenberger & Moon, P.C.

David L. Runner, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RIGGS, J.

Deits, P. J., dissenting.

## RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) affirming employer's denial of his claim. He argues that the Board erred in its treatment of his out-of-state employment with employer. We reverse and remand for reconsideration.

Claimant began experiencing back pain in 1988 while working for employer Larch Enterprises (Larch) in California. At that time, Larch was not an Oregon employer. Claimant sought treatment from a chiropractor but he never missed work. Larch told claimant to seek coverage under his health insurance and discouraged him from filing a claim for workers' compensation benefits in California. In October, 1990, Larch moved its operations to Oregon and became an Oregon employer. In late December, claimant began experiencing severe back pain, but continued to work. In early February, 1991, Larch fired claimant.

Claimant went to see Dr. Driver about his back condition, and x-rays revealed a degenerative disc disease. Driver stated in his report that

> "[claimant's] work activities beginning in 1988 were the cause of his back condition. The degeneration is due to continuous work, not necessarily one specific injury."

Claimant filed a workers' compensation claim in Oregon for "lower back pain." SAIF, Larch's Oregon workers' compensation insurer, denied the claim, and claimant requested a hearing. The Board determined that Larch was not a subject employer when its operations were in California and that claimant was not a worker subject to Oregon law while employed in California. Therefore, the Board concluded, "any injuries suffered during claimant's employment in California are not compensable" and claimant must prove that his employment *in Oregon* was the major contributing cause of his disease.[1]

---

[1] On June 27, 1994, during the pendency of this review, SAIF accepted a "symptomatic exacerbation of a degenerative disc disease in the lower back." SAIF has filed a motion to dismiss, contending that that acceptance renders moot claimant's petition; the acceptance covers all the compensation requested by claimant to this point. However, we are asked to review the Board's determination that claimant has not shown a compensable "degenerative back condition." The claim is broad enough to encompass that condition. SAIF's acceptance of the symptomatic

Claimant assigns error to the Board's treatment of his out-of-state employment. He argues that the last injurious exposure rule relieves him of the burden of proving that any specific employment or exposure caused his disease.

■ In order to establish an occupational disease, claimant must show that his condition arose "out of and in the course of employment" and was "caused by substances or activities to which [he was] not ordinarily subjected or exposed other than during a period of regular actual employment * * *." ORS 656.802(1). He must show that the major contributing cause of his disease was work related. *Runft v. SAIF*, 303 Or 493, 498, 739 P2d 12 (1987). When a claimant asserts that work conditions at a single employer are the cause of the disease, the claimant's task is relatively straightforward: "the claimant must show that working conditions at that employment were the major contributing cause of the disease." 303 Or at 498-99. However, when there are two or more employers or insurers, the task becomes more difficult. As the Supreme Court recognized, "by their very nature[,] chronic conditions * * * usually cannot be traced to a single incident or injury." *Inkley v. Forest Fiber Products Co.*, 288 Or 337, 341, 605 P2d 1175 (1980).

■ To relieve claimants of "the often impossible burden of showing that workplace conditions at a specific time and place caused" an occupational disease, the courts adopted the last injurious exposure rule. 288 Or at 344. This "rule of proof" aspect of the last injurious exposure rule[2]

"operates generally for the benefit of claimants. It relieves

---

exacerbation does not render moot the question of whether the underlying degenerative back condition is compensable.

[2] The last injurious exposure rule also operates to assign responsibility:

"As a rule of assignment of responsibility, the last injurious exposure rule assigns full responsibility to the last employer at which the claimant could have been exposed to the disease-causing substance. This is true no matter how brief or insignificant the possible exposure at the last such employer." *Runft v. SAIF, supra*, 303 Or at 500.

The 1990 amendments to the Workers' Compensation Law did away with some aspects of the last injurious exposure rule. *See SAIF v. Drews*, 318 Or 1, 6-9, 860 P2d 254 (1993); *Liberty Northwest Ins. Corp. v. Senters*, 119 Or App 314, 850 P2d 403 (1993). But the amendments had no effect on the last injurious exposure rule's role in initially assigning responsibility for an occupational disease. *SAIF v. Yokum*, 132 Or App 18, 887 P2d 380 (1994).

claimants of the burden of proving the degree to which, if any, exposure to disease causing substances at a particular employer actually caused the disease. The claimant is required to prove only that the disease was caused by employment-related exposure; the claimant is not required to prove that exposure at a particular employer's workplace caused the disease. Whether employment at any one workplace was the actual cause of the disease is irrelevant under the rule." *Runft v. SAIF, supra*, 303 Or at 500. (Citations omitted.)

The rule operates in the context of claims implicating multiple employments or multiple insurers for the same employer. *FMC Corp. v. Liberty Mutual Ins. Co.*, 73 Or App 223, 698 P2d 551, *rev den* 299 Or 203 (1985); *Meyer v. SAIF*, 71 Or App 371, 373 n 1, 692 P2d 656 (1984), *rev den* 299 Or 203 (1985).

Here, claimant's out-of-state employment, if relevant at all for purposes of determining compensability, would be treated as a separate occupational exposure from his Oregon exposure, because employer had a different workers' compensation insurer during that time. The question is whether claimant's out-of-state employment can be considered to prove that his condition was caused by his employment.

In *Bennett v. Liberty Northwest Ins. Corp.*, 128 Or App 71, 875 P2d 1176 (1994), the claimant suffered from tinnitus and hearing loss. He had worked at two different employers, both of which had conditions that could have caused his disease. The claimant entered into a disputed claim settlement with the first employer. In litigation involving only the second employer, he attempted to use the last injurious exposure rule to establish the compensability of his disease. The Board concluded that, because the claimant had settled with the first employer, he had elected to prove actual causation against the second employer. We reversed the Board and held that, in determining whether a disease is work related, the rule of proof aspect of the last injurious exposure rule allows consideration of all employments, even those that could not ultimately be held responsible for the claim. 128 Or App at 78; *see also Kepford v. Weyerhauser Co.*, 77 Or App 363, 713 P2d 625, *rev den* 300 Or 722 (1986).

Citing *Progress Quarries v. Vaandering*, 80 Or App 160, 722 P2d 19 (1986), SAIF argues that all out-of-state employments must be disregarded for purposes of determining whether the last injurious exposure rule is even applicable. For example, it argues that if, as here, a claimant has only two employments, one of which was out-of-state, then the out-of-state employment must be disregarded. Therefore, according to SAIF, because only one potentially responsible employer remains, the last injurious exposure rule is inapplicable and the claimant must show actual causation by the Oregon employer. We disagree.

In *Progress Quarries*, all of the parties agreed that the claimant's disease, which could have been caused by any or all of the employers, was compensable; the issue was the assignment of responsibility. One Oregon employer sought to establish that a subsequent out-of-state employer was responsible for the claim, because conditions at that out-of-state workplace were of the kind that could have caused the disease. We held that, under the last injurious exposure rule, when it has been shown that the Oregon employment is injurious and a potential cause of the claimant's occupational disease, the claimant is entitled to compensation in Oregon. We held that an Oregon employer cannot proffer as a defense a subsequent potentially causal employment not covered by the Oregon Workers' Compensation Act. 80 Or App at 164-66.

The issue is different here, but the objective is the same: compensation for a work-related condition, a potential cause of which is an Oregon employment. The consideration of claimant's out-of-state employment for the purpose of determining whether his condition is work related does not necessarily bear on which employer might ultimately be held responsible for the claim. Although permitting a claimant to rely on out-of-state employment to establish a work relationship might increase the chances that a claim will be found to be work related, it does not alter the requirement set out in *Progress Quarries* and the cases it cites, that, for the Oregon employer to be held responsible, the Oregon employment must be injurious and a potential cause of the disease. We hold that for purposes of establishing that an occupational

disease is work related, a claimant may rely on all employments, even those that are not subject to Oregon's workers' compensation laws.

SAIF argues that to adopt such a rule would make Oregon "the workers' compensation dumping ground for the United States," permitting a claimant with even the briefest period of employment in Oregon to receive compensation in Oregon for a condition that was caused elsewhere. SAIF suggests that, to avoid those consequences, we should require a claimant to establish that recovery is precluded in the other jurisdictions where there was potentially causative employment. We have done that in cases involving an initial compensable injury in Oregon and a subsequent out-of-state increased disability of the same part of the body. *See Wootten v. Stadeli Pump & Construction*, 108 Or App 548, 816 P2d 689 (1991); *Olson v. EBI Co.*, 78 Or App 261, 715 P2d 1348 (1986); *Miville v. SAIF*, 76 Or App 603, 710 P2d 159 (1985). However, we rejected that same requirement in the occupational disease context in *Progress Quarries v. Vaandering, supra*, 80 Or App at 166, where we said that cases involving successive injuries

> "do not involve the problems of proof and responsibility which produced the disease-oriented last injurious exposure rule, under which issues are whether there is compensability in the first instance and which of the successive employers or carriers is responsible."

Accordingly, we held that, in occupational disease cases, the claimant is not required to file a claim with other potentially causative out-of-state employers in order to receive compensation in Oregon. 80 Or App at 166.[3] The same reasoning applies here.

Because of our disposition of claimant's first assignment of error, we need not reach claimant's second.

Reversed and remanded for reconsideration.

---

[3] SAIF also argues that this rule would create situations in which a worker could obtain a double recovery and that there is a policy in the Oregon workers' compensation system against double recoveries. While we acknowledge that double recovery is a potential problem, the alternative is to leave an Oregon worker with an admittedly work-related disease without compensation. We believe that the policy to make certain that Oregon workers are compensated for their injuries, *see* ORS 656.012, outweighs the concern about double recovery.

**DEITS, P. J.,** dissenting.

The question presented here is whether the last injurious exposure rule applies in circumstances where one of two work exposures that contributed to claimant's current condition occurred while claimant was working out of state for a non-Oregon employer. The majority reverses the Board and holds that the rule applies in these circumstances. I believe that the Board result was right and, accordingly, I dissent.

The Board concluded that under ORS 656.023, during the time of claimant's work in California, employer was not a "subject employer" and that, consequently, claimant was not a "subject worker." Because of that, it concluded that Oregon's workers' compensation law was not applicable and that any injuries suffered during claimant's employment in California are not compensable under Oregon law. Accordingly, the Board concluded that claimant must prove, under ORS 656.802, that his Oregon employment was the major contributing cause of his present condition or its worsening.

The majority does not appear to believe, as did the Board, that the statutes resolve this question. Rather, the majority turns immediately to our case law and concludes that because we have multiple employments here, we must apply the last injurious exposure rule to decide this matter. I agree with the majority that the statutes do not resolve this question. It appears from the text and context of the workers' compensation law that the legislature has not directly considered this issue. However, I do not agree with the majority that our case law has resolved this issue. The majority first relies on our decision in *Bennett v. Liberty Northwest Ins. Corp.*, 128 Or App 71, 875 P2d 1176 (1994). That case, however, is inapposite, because all of the employers involved were Oregon employers.

The majority also relies strongly on our decision in *Progress Quarries v. Vaandering*, 80 Or App 160, 722

P2d 19 (1986). As the majority correctly recites, in *Progress Quarries*, the claimant filed a claim for hearing loss and tinnitus against several Oregon employers. All of the employers that were parties to the case agreed that the claimant's injuries were compensable. However, responsibility was contested. The claimant's last employment before the "date of disability," for purposes of the last injurious exposure rule, was with an out-of-state employer. One of the Oregon employers argued that the out-of-state employer was responsible under the last injurious exposure rule. We rejected that argument and concluded that the out-of-state employment should *not* be considered in assigning responsibility under the last injurious exposure rule.

Although recognizing that *Progress Quarries* involved a different issue,[1] the majority reads our decision in that case as supporting its conclusion that out-of-state employment may be considered in deciding on the applicability of the last injurious exposure rule. In my view, our decision in *Progress Quarries* does not support that conclusion. In fact, the rationale of our decision in *Progress Quarries* supports the opposite conclusion — that out-of-state employment may *not* be considered in determining if compensability should be determined based on the last injurious exposure rule.

In our decision in *Progress Quarries v. Vaandering, supra*, we noted the rationale supporting the application of the last injurious exposure rule, as explained by the Supreme Court in *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982). In *Bracke*, the court explained that the purpose of the last injurious exposure rule is to relieve a claimant from having to prove causation in cases of successive incremental injuries or disease and in cases where employment at more than one successive employer could have caused a disease. The reason that it is important to

---

[1] The majority is correct that the issue in *Progress Quarries* was somewhat different from the one presented here, because the employer in that case was trying to use the last injurious exposure rule defensively to place responsibility on a subsequent out-of-state employer. Here, the question is whether exposure during a prior out-of-state employment should be considered in determining if compensability should be determined based on the last injurious exposure rule.

relieve a claimant of this burden is that it is often difficult in such cases for a claimant to prove that the injury or disease was caused by a particular employer. The court in *Bracke* recognized that, under the rule, liability may end up being imposed on an employer that was not primarily responsible for a claimant's injury. However, the court reasoned that the use of the rule is not unfair to employers, because liability is spread proportionately among them. As the Supreme Court explained:

> "By arbitrarily assigning liability to the last employment which could have caused the disease, the rule satisfies claimant's burden of proof of actual causation. The reason for the rules lies not in their achievement of individualized justice, but rather in their utility in spreading liability fairly among employers by the law of averages and in reducing litigation." *Bracke v. Baza'r, supra*, 293 Or at 248.

After our discussion of *Bracke* in *Progress Quarries, supra*, we concluded that the rationale supporting the use of the rule does not exist when an out-of-state employment is considered:

> "As the Supreme Court noted in *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982), the rule, which is for claimants' benefit, can operate fairly for employers if applied consistently. *The basic overall fairness can be achieved only if application of the rule remains under control of the Oregon workers' compensation system. If out-of-state employment is considered, the systematic application of the rule breaks down*. By reason of the analysis required under the last injurious exposure rule, only if the Oregon employment environment is injurious and a potential cause of the disease can the claimant be entitled to compensation under the rule of proof aspect of the doctrine. An individual employer escapes liability because Oregon has no apportionment provision and because of a policy to award compensation for occupational disability despite a lack of precision in the proof." 80 Or App at 166. (Emphasis supplied.)

A similar analysis applies here. The last injurious exposure rule makes sense and achieves overall fairness so long as we are dealing with employers over which the

Oregon workers' compensation system has control. However, if we allow out-of-state employment to be considered in the application of the rule, the rule breaks down, because we have no control over if and when an out-of-state employer will be responsible for workers under similar circumstances. When an out-of-state employer is involved, there is no guarantee of any consistency in the application of the rule. Further, unlike if we were dealing with two Oregon employers, a holding that the Oregon employer here is responsible does not preclude claimant from seeking recovery for the same injury from the out-of-state employer and, accordingly, receiving a double recovery. The last injurious exposure rule simply does not work when out-of-state employment is involved.

Although our statements in *Progress Quarries* were made in the context of the application of the responsibility aspect of the last injurious exposure rule, rather than as here, in the context of the rule as a rule of proof, that difference should not matter. The rationale underlying the last injurious exposure rule as a rule of proof and as a rule of liability assignment are the same; *i.e.*, a claimant is relieved from a difficult burden of proof. The trade-off for employers is that liability will be spread evenly among employers by the law of averages. Our comments in *Progress Quarries* that the last injurious exposure rule does not work well when out-of-state employers are involved, because the trade-off for employers is not there, is equally true whether we are considering the rule as a rule of proof or a rule of assigning liability. In both instances, we have no control as to if, and to what extent, an out-of-state employer will be found responsible and, consequently, no control over whether liability will be spread evenly among employers.

My understanding of the application of the last injurious exposure rule does not necessarily mean that an injured claimant will not recover. If a claimant can show that the Oregon employment was the major contributing cause of a claimant's condition, a claimant may recover in Oregon. Further, as mentioned above, nothing prevents a claimant from seeking recovery against an out-of-state

employer. In this case, for instance, although claimant's employer discouraged him from seeking workers' compensation in California, claimant could have filed a claim in California and perhaps still can. Obviously, if an injured claimant is left without any recourse, that may be a very undesirable result. However, it is equally unfair to Oregon employers to be held responsible for an injury that was caused by employment in another state. Applying the last injurious exposure rule to initial claims for compensation involving out-of-state employment would allow workers with serious work-related injuries caused by employment in other states to come to Oregon and, by simply showing that the Oregon employment could have contributed to the condition, hold the Oregon employer responsible. That is not a result that the last injurious exposure rule was ever designed or intended to achieve. If the rule is to be so extended, that is a policy decision that the legislature ought to make.[2]

I believe that the Board correctly decided that the last injurious exposure rule does not apply here, because we have only one Oregon employment to consider. Accordingly, in my view, the Board properly required claimant to establish under ORS 656.802 that claimant's Oregon work exposure was the major contributing cause of his disease. I would also hold that there is substantial evidence to support the Board's conclusion that claimant did not prove that his Oregon employment was the major

---

[2] The dissent to the Board's opinion suggests an alternative resolution to this problem:

"The alternate potential resolution is to adopt a rule similar to *Miville* [*v. SAIF*, 76 Or App 603, 710 P2d 159 (1985)] to apply to prior potentially causal out-of-state employment exposures. Under such a rule, claimant would be required to file his claim with any prior out-of-state employer who could have contributed to the condition prior to litigating the claim in Oregon. If benefits are provided under the out-of-state claim, then, and only then, would claimant be required to show an actual contribution to a worsened condition as required by preexisting conditions under *Weller v. Union Carbide*, 288 Or 27[, 602 P2d 259] (1979). If the claim for benefits in the out-of-state exposure was not allowed[,] claimant's demonstration that his condition was caused by his employment would be sufficient to assign liability to the last potentially causal Oregon employer on the risk."

That may well be a sensible solution to this problem, but it is a choice that the legislature ought to make.

contributing cause of his occupational disease. For all of the above reasons, I respectfully dissent.