On petitioners' petition for reconsideration filed April 22, petition for reconsideration allowed; opinion (153 Or App 383, 957 P2d 190) modified and adhered to as modified December 16, 1998, petition for review denied March 23, 1999 (328 Or 365)

In the Matter of the Compensation of
Charlene A. Dieringer, Claimant.

## THE NEW PORTLAND MEADOWS
### and TIG Insurance,
*Petitioners,*

*v.*

## Charlene A. DIERINGER,
*Respondent.*

## (WCB No. 94-13529; CA A91625)

973 P2d 352

Richard D. Barber and Sheridan & Bronstein, for petition.

No appearance *contra*.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

The New Portland Meadows (TNPM) moves for reconsideration of our opinion in *The New Portland Meadows v. Dieringer*, 153 Or App 383, 957 P2d 190 (1998), in which we held that TNPM was responsible for claimant's workers' compensation claim. TNPM asserts that we should have assigned initial responsibility to Vanport, a Washington employer, because it was the place of employment when claimant first sought medical treatment. TNPM argues that we then should have considered whether responsibility could be shifted forward to TNPM. It contends that responsibility cannot be shifted forward to it because "the evidence is undisputed that [TNPM's] employment did not worsen the condition[.]"

We stated in our opinion in this case that "the Board was correct in its initial assignment of responsibility to TNPM because it was the last employment that could have caused [claimant's] disease." TNPM argues that this is incorrect because Vanport was claimant's employer when she first sought medical treatment. We agree that our statement was incorrect. In reaching the above conclusion, we relied on the general rule, as stated most recently in *Roseburg Forest Products v. Long*, 325 Or 305, 937 P2d 517 (1997), that initial or presumptive responsibility under the last injurious exposure rule is assigned to the last period of employment whose conditions could have caused claimant's disability. We failed, however, to include in our analysis the refinement of this general rule that the onset of disability is the triggering date for determining which employment is the last potentially causal employment. If the injured worker receives medical treatment before experiencing time loss due to the condition, then, as TNPM correctly asserts, the date of first medical treatment determines which employer is assigned initial responsibility for the claim. *Reynolds Metals v. Rogers*, 157 Or App 147, 153, 967 P2d 1251 (1998).

Vanport would ordinarily be the presumptively responsible employer because claimant first sought medical treatment while employed there, and we would assign initial

responsibility to Vanport. A complicating factor here, however, is that Vanport is an out-of-state employer. In *Progress Quarries v. Vaandering*, 80 Or App 160, 165-66, 722 P2d 19 (1986), we held that presumptive responsibility will not be assigned to an employer over which this state has no jurisdiction. Following that principle, Vanport may not be assigned initial responsibility.

TNPM argues that our decision in *UPS v. Likos*, 143 Or App 486, 924 P2d 857 (1996), requires a different result. TNPM asserts that *Likos* supports its argument that the fact that Vanport is an out-of-state employer does not prevent it from being designated as the initially responsible employer. *Likos* involved a claimant who first sought medical treatment while she was self-employed at Genesis Services, a business in which she, as the sole proprietor, chose not to be subject to the Workers' Compensation Act. The claimant sought to shift responsibility from Genesis Services to a later employer that was subject to the workers' compensation system. We concluded that the Board erred in assigning responsibility to the later employer because Genesis Services was the last potentially causal employment before the claimant sought medical attention and, had it been a subject employer, it would have been responsible. However, our holding in *Likos* is not controlling here because, in contrast to the circumstances in *Progress Quarries* and here, the nonsubject employer in *Likos* was an employer under the jurisdiction of Oregon. The employer in *Likos* simply chose to take the risk of not being compensated for an on-the-job injury by not placing herself within the Oregon workers' compensation scheme.

■    We conclude that, under our holding in *Progress Quarries*, we cannot assign initial responsibility to Vanport, an out-of-state employer. Consequently, TNPM remains the only potentially responsible employer in this case. Under our holding in *Silveira v. Larch Enterprises*, 133 Or App 297, 891 P2d 697 (1995), the last injurious exposure rule continues to apply even if there is only one employer subject to Oregon's jurisdiction. Under *Silveira,* if claimant can establish that the employment with TNPM was injurious and provided "potentially causal" conditions for her condition, TNPM will be found to be the responsible employer. *Id.* at 302. TNPM

could avoid responsibility here under the last injurious exposure rule by proving that conditions of its employment could not have caused the condition or that claimant's employment at Vanport was the sole cause of the condition. *Roseburg*, 325 Or at 313. However, the Board found here that claimant's work activities at TNPM were "injurious," and that finding is supported by substantial evidence. We conclude that the Board did not err in holding that TNPM was the responsible employer.

Petition for reconsideration allowed; opinion modified and adhered to as modified.