On petitioner's petition for reconsideration filed February 1, reconsideration allowed, former opinion (63 Or App 68, 622 P2d 781) reaffirmed May 11, 1983

In the Matter of the Compensation of
Richard J. Carey, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

CAREY,
*Respondent.*

(79-01602; CA A24713)

662 P2d 781

Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

SAIF petitions for reconsideration of this court's prior decision affirming without opinion a determination by the Workers' Compensation Board that SAIF is responsible for claimant's hearing loss claim. 61 Or App 296, 656 P2d 964 (1983). We grant the petition to explain our choice of the date of disability, and again affirm.

All of the medical reports in this case establish that claimant has a substantial hearing loss and strongly indicate that it is attributable to "continuous noise exposure in an employment field." Accordingly, the only issue is whether SAIF, as the insurer of the last employer, Beaver Creek, is responsible under the last injurious exposure rule as elaborated by the Supreme Court in *Bracke v. Baza'r,* 293 Or 239, 646 P2d 1330 (1982).

Under the Supreme Court's ruling in *Bracke,* the onset of disability is the triggering date for determination of which employer is the "last potentially causal employer." In this case, claimant never became disabled from work as a result of his hearing loss. Therefore, some other date must be used as the "critical event" in assessing responsibility. Two alternative dates are suggested by the briefs: the date symptoms first appeared, which occurred while claimant was employed by Safeway, or the date on which he first sought medical attention, which occurred while he was employed by Beaver Creek. We believe, as suggested by the Supreme Court in *Bracke,* that the most logical triggering event in the case of a non-disabling injury or disease is the date when medical treatment is first sought. 293 Or at 244.

SAIF contends that the use of that date permits the claimant to control which employer will be liable for his condition by controlling the date on which he first seeks medical treatment. However, if a claimant desires to choose his target, he would have at least as much control over his testimony as to when he first began to have symptoms. The date when a claimant first sought medical treatment, at least in most cases, has some objective relationship to the date when the claimant's condition became a disability, because it is usually documented. We hold, therefore, that, because claimant first sought medical treatment while in its employ, Beaver Creek is the last potentially causal employer. Under the last injurious

exposure rule, claimant can recover against Beaver Creek if he has proven that the working conditions at Beaver Creek could have caused or exacerbated his hearing loss. *Bracke v. Baza'r, supra.* Here, claimant, through testimony, noise tests and the most recent report of Dr. Camp, has met his burden of proving that his employment at Beaver Creek "could have caused" his hearing loss. *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980).

Petition for reconsideration granted; reaffirmed.