Argued and submitted October 15, reversed and remanded December 19, 1984,
reconsideration denied April 19, 1985, petition for review denied May 21, 1985
(299 Or 203)

In the Matter of the Compensation of
Vincent L. Meyer, Claimant.

**MEYER,**
*Petitioner,*

*v.*

**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(81-06150, 80-11612, 80-11611; CA A31130)

692 P2d 656

Peter W. Preston, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Warren, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of benefits for claimant's asbestosis. The issue is whether, under the last injurious exposure rule, SAIF is responsible for paying the claim. We hold that SAIF is responsible and therefore reverse.

Claimant, 64, has worked as a plumber and pipefitter since leaving school in the eighth grade. Throughout his career, and while working for different employers, he was exposed to asbestos. His last employment-related exposure was during June 21 to July 27, 1978, while employed by Contractors, Inc. That job required removal of insulation containing asbestos from pipes.

In July, 1979, claimant was diagnosed as suffering from asbestosis. He filed a claim with SAIF, the insurer for Contractors, Inc. SAIF denied responsibility on the ground that claimant's asbestosis was caused by his earlier extensive exposures to asbestos and that the brief exposure in 1978 did not contribute to the disease. Claimant requested a hearing. The referee upheld SAIF's denial. The referee found that the 1978 exposure was too brief and too recent to have caused claimant's asbestosis. The Workers' Compensation Board affirmed.

In an occupational disease context, the last injurious exposure rule provides that, if a worker proves that the disease could have been caused by work conditions that existed at more than one place of employment, the last employment providing potentially causal conditions is deemed to have caused the disease.[1] *See Boise Cascade Corp. v. Starbuck,* 296 Or 238, 241, 675 P2d 1044 (1984). SAIF contends that it is not

---

[1] SAIF contends that the last injurious exposure rule does not apply to this case. The rule, SAIF argues, applies only in cases where responsibility among several employers or insurers is at issue. SAIF reasons that, because it is the only potentially liable insurer that is a party to this case, the rule does not apply. We disagree. The rule applies when the occupational disease could have been caused by work conditions at any one of several employments, and the question is which employer is responsible. *See Fossum v. SAIF,* 293 Or 252, 646 P2d 1337 (1982); *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980); *Mathis v. SAIF,* 10 Or App 139, 499 P2d 1331 (1972). This is such a case. Simply because SAIF is the only insurer that is a party to this case does not render the rule inapplicable. *See, e.g., Mathis v. SAIF, supra.* We note that originally two other employers were parties to this case but were dismissed by stipulation between claimant and SAIF.

liable under that rule, because the 1978 exposure was too brief and too recent to have caused claimant's present condition. Indeed, the medical evidence supports SAIF's contention that that exposure was not an actual cause of claimant's present condition. Dr. Patterson, board certified in pulmonary medicine, was the only doctor to testify about the effect of the 1978 exposure on claimant's asbestosis. He testified that claimant's x-rays showed signs of asbestosis as early as 1966 and that he had a "substantial amount" of asbestosis prior to 1978. In a report to SAIF concerning the 1978 exposure, he stated:

> "In my opinion, that particular exposure would have nothing to do with his current condition. The exposure was brief, a mask was worn, and the time course for the development of asbestosis is far too long to imagine that any exposure in 1978 would have significantly altered his current condition. * * *"

His testimony in a subsequent deposition was consistent with this opinion.

■    That the 1978 exposure was not the actual cause of claimant's present condition does not absolve SAIF from responsibility, for the appropriate inquiry under the last injurious exposure rule is not whether the conditions of the last employment actually caused the disease, but whether those conditions were of a kind which could have caused the disease over some indefinite period of time. *Mathis v. SAIF,* 10 Or App 139, 499 P2d 1331 (1972); *see Fossum v. SAIF,* 293 Or 252, 256, n 1, 646 P2d 1337 (1982). To that inquiry, Dr. Patterson testified as follows:

> "Q    And would it be your opinion that the circumstances as described would constitute the type of exposure that, if continued over some period of time, could be significantly injurious to an individual's health?

> "A    Yes, if these exposures were continued for a sufficient period of time, I would think they could be injurious.

> "* * * * *

> "Q    So that the only real thing that you can say is, and correct me if I'm wrong, that the kind of exposure that he had while working for this employer, if continued for some indefinite period of time, would ultimately result in the kind of x-ray findings we see today on those x-rays that haven't been marked, but you have referred to earlier, right?

"A    Yes."

■       Because the conditions in claimant's 1978 employ-
ment at Contractors, Inc., were of a kind which could have
caused asbestosis over some indefinite period of time, that
employment is deemed to have caused the disease. *FMC Corp.
v. Liberty Mutual Ins. Co.,* 70 Or App 370, 689 P2d 1046
(1984). SAIF is the responsible insurer.

Reversed and remanded for acceptance of the claim.