Argued and submitted February 6, affirmed March 22, 1989

In the Matter of the Compensation of
Thelma T. Smartt, Claimant.

**SMARTT,**
*Petitioner,*

*v.*

**ADULT & FAMILY SERVICES** et al,
*Respondents.*

(WCB 86-11704; CA A49051)

770 P2d 606

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were A. Sue Guthrie and Malagon, Moore & Johnson, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks a determination reversing the Workers' Compensation Board and reinstating the referee's decision that the compensable mental stress condition from which she suffers is an injury, not an occupational disease. Claimant suffers from a compensable mental stress condition that she alleges began when she received a poor performance evaluation at work. She argues that her mental condition was unanticipated and came on suddenly and acutely as a result of a specific incident at work; therefore, she contends that it meets the classic criteria of an injury, *see James v. SAIF,* 290 Or 343, 624 P2d 565 (1981), and should be treated as an injury for the purpose of determining the wages on which to base benefits for temporary total disability.

If the condition is an injury, claimant argues that temporary total disability compensation should be calculated as a percentage of her wages on May 14, 1986, the date on which she received the poor performance evaluation, the incident that she alleges caused her "injury." *See former* ORS 656.210(2). If the condition is an occupational disease, temporary total disability benefits are a percentage of her wages on July 9, 1986, the date of disability and the date when claimant first sought medical services. *See SAIF v. Carey,* 63 Or App 68, 662 P2d 781 (1983); *see also* ORS 656.210(2)(b)(B). At that time, claimant's salary was $500 per month less than it had been at the time of the performance evaluation. In reversing the referee, the Board held that claimant had experienced an occupational disease and calculated her temporary total disability compensation based on her wages on July 9, 1986.

Without deciding whether a mental stress condition may ever be treated as an "injury," *see* ORS 656.802(1)(b), we conclude that the Board's opinion that claimant's condition is an occupational disease is supported by substantial evidence. The Board found that claimant's disabling condition did not happen as a result of the single incident on May 14, 1986, but that her problem had started to develop before that and continued to develop over a period of seven weeks, culminating with her demotion on July 1 and her need for medical services on July 9, 1986. There is substantial evidence to support the Board's findings, and those findings support the Board's

conclusion that claimant is suffering from an occupational disease. *See James v. SAIF, supra,* 290 Or at 348.

Affirmed.