Submitted on remand March 30, affirmed October 3, 1990

In the Matter of the Compensation of
Reyes S. Garcia, Claimant.

Reyes S. GARCIA,
*Petitioner,*

*v.*

BOISE CASCADE CORPORATION,
*Respondent.*

(WCB 85-15946; CA A46569)

798 P2d 265

Quintin B. Estell, Salem, for petitioner.

Paul Dakopolos, Paul J. De Muniz and Garrett, Seideman, Hemann, Robertson & De Muniz, Salem, for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is on remand from the Supreme Court, *Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990), which held that we incorrectly applied the standard of review when we held that the referee's findings, adopted by the Board, were not supported by substantial evidence. 309 Or at 294. In our first opinion we erroneously substituted our judgment for that of the Board. *Garcia v. Boise Cascade Corp.*, 94 Or App 362, 765 P2d 1245 (1988). We now affirm the referee's order.

Claimant has osteoarthritis in his lower back, a degenerative condition that manifested itself some time after 1980. Claimant argued at the hearing that his condition was an occupational disease.[1] The referee concluded that claimant had failed to prove that "the work activities for this employer were the major contributing cause" of his condition. The Board affirmed.

Claimant worked for employer from 1963 to 1980,[2] when he was laid off. He then worked at several jobs involving medium to heavy labor, until he was rehired by employer in February, 1983. Then, he worked as a puller on the veneer chain until his injury in September, 1985.[3] Working on the veneer chain required claimant to "lift thin sheets of veneer off the waist-high chain and place them in appropriate carts which were located behind him."

Dr. Collada, a neurosurgeon, testified that all of claimant's activities throughout his life have contributed to his osteoarthritis, with work being a significant factor. When claimant's attorney explained the physical requirements of pulling veneer and asked whether claimant's work was the primary factor, Collada said that that type of activity can accelerate the deterioration. When asked whether work was the primary factor, he said:

"[O]n a hypothetical basis, if he had not been involved in any

---

[1] At the hearing, claimant also argued that his herniated disc resulted from his September, 1985, on-the-job injury. He has not, however, pursued that theory on appeal.

[2] Claimant worked for employer for only part of 1968.

[3] Employer accepted compensability of the injury, except for the degenerative changes in claimant's lower back.

strenuous activities and he had a fairly sedentary life outside of work activities, considering the type of work he's done, then I would say over half."

He also said, however, that genetic factors play a role in the progression of the disease.

Dr. Munson, claimant's physician since 1973, wrote:

"Mr. Garcia is quite young at age 46 and I do not often see osteoarthritis at that age group. Wear and tear of the ligamentous and capsular structures probably cause low-grade inflammation in almost everyone and, quite commonly, the changes [*sic*] of osteoarthritis. Certainly pulling green chain at a lumber mill would tend to give you more wear and tear than perhaps selling used cars."

In another letter, he wrote:

"His performing heavy lifting at the mill is certainly a major if not the major contributing factor aggravating his arthritis condition and degenerative disc syndrome. I feel that his employment has brought about an additional hastening of his degenerative low back condition. These changes found on his x-rays of October 11, 1985, are at least in part a result of his employment exposure."

■ The referee discounted Munson's opinion that "heavy lifting at the mill" was a major contributing factor, because he found that claimant's work did not involve heavy lifting. That finding is supported by substantial evidence. Claimant could not estimate how much the veneer weighed, but he testified that the thickest veneer was only a quarter of an inch thick and that a cushion of air made lifting veneer easier. The trier of fact was entitled to believe either of the two conflicting medical opinions. Substantial evidence supports the decision that the work was not the major contributing cause of the condition. ORS 183.482(8)(c); *Garcia v. Boise Cascade Corp., supra,* 309 Or at 295.

■ Finally, claimant argues that employer should be found liable under the last injurious exposure rule. Under that rule, the last employer whose work could have caused the condition is responsible without proof of actual causation. That rule has no application here, because only one self-insured employer is involved. By bringing a claim against employer only, claimant elected to prove actual causation. *See*

*Bracke v. Baza'r,* 293 Or 239, 250 n 5, 646 P2d 1330 (1982); *see also Runft v. SAIF,* 303 Or 493, 739 P2d 12 (1987).

Affirmed.