Argued and submitted December 7, 1990, petition for judicial review affirmed as to respondent Safeco; reversed and remanded for determination of Liberty Northwest Insurance Corporation's responsibility February 6, 1991

In the Matter of the Compensation of
Roger L. Snider, Claimant.

E.C.D., INC.
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Roger L. SNIDER,
Electronic Control Design
and Safeco Insurance Company,
*Respondents.*

(WCB Nos. 86-16046 and 87-01404; CA A64988)

805 P2d 147

Paul L. Roess, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Eveleen Henry, Eugene, argued the cause for respondent Roger L. Snider. With her on the brief were Karsten H. Rasmussen and Rasmussen & Henry, Eugene.

Paul Dakopolos, Salem, argued the cause for respondents

Electronic Control Design and Safeco Insurance Company. On the brief were Susan G. Bischoff and Garrett, Seideman, Hemann & Robertson, P.C., Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Liberty Northwest Insurance Corporation (Liberty), workers' compensation insurance carrier for employer E.C.D., Inc., seeks review of a decision of the Workers' Compensation Board's holding that it is responsible as a matter of law for claimant's low back condition. The only issue is whether Liberty is entitled to a factual determination of its responsibility for the claim.

Claimant injured his low back in 1985, when employer (then called Electronic Control Design) was insured by Safeco. In the course of resolving that claim, claimant and Safeco entered into a disputed claim settlement whereby, in exchange for payment of certain medical benefits and a lump sum, claimant agreed to give up any future rights he might have as to that claim.

Claimant injured his low back again in September, 1986, after Liberty had become the insurer for employer, which had become E.C.D., Inc. Liberty denied responsibility for the claim and asserted that Safeco was the responsible carrier; it requested the designation of a paying agent under ORS 656.307. Safeco denied compensability on the ground that it was barred by the disputed claim settlement. The denials were consolidated for hearing. Safeco moved to dismiss the request for hearing as to its denial; the referee granted the motion, which claimant did not oppose.[1] At the hearing between the parties, Liberty's attorney explained to the referee that Liberty was "not denying compensability, just responsibility."

The referee found that claimant had failed to establish that the September, 1986, incident independently contributed to his need for treatment or to his disability and held that Liberty was not responsible for the claim. On claimant's appeal, the Board reversed. It reasoned that, because Liberty had conceded compensability, the only issue at the hearing was responsibility. It said, further, that, when the only issue is responsibility, a claimant is entitled to compensation and the only issue is which insurer will pay. It held that, because Safeco had not remained in the proceeding, as required by

---

[1] Although Safeco is named as a respondent on review, no one challenges its dismissal from the hearing, and we therefore affirm the petition as to it.

*Runft v. SAIF,* 303 Or 493, 503, 739 P2d 12 (1987), Liberty could not contest responsibility alone and was responsible as a matter of law. The Board noted that Liberty could have argued that the claim was not compensable by Safeco by virtue of the disputed claim settlement. It did not decide whether, in fact, the September, 1986, injury independently contributed to claimant's condition so as to shift responsibility to Liberty.

The Board's reasoning is not persuasive. Safeco had been joined in the proceeding and was dismissed on its motion without objection from claimant. Liberty had satisfied its obligation under *Runft v. SAIF, supra.* It was not necessary for Liberty to contend that the claim was not compensable by Safeco in order to be able to make its argument concerning responsibility. The two issues are completely separate. Although, if Liberty prevails, the result is that claimant will receive no compensation, that is a consequence that he must be deemed to have accepted by having settled his rights as to Safeco. The Board should have made the determination whether the September, 1986, incident independently contributed to claimant's disability or his need for treatment and whether, as a fact, Liberty is responsible for the claim.

Petition for judicial review affirmed as to respondent Safeco; reversed and remanded for determination of Liberty Northwest Insurance Corporation's responsibility.