Argued and submitted March 29, affirmed April 21, 1993

In the Matter of the Compensation of
Gerald W. Senters, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Bohemia, Inc.,
*Petitioners,*

*v.*

Gerald W. SENTERS,
B.J. Equipment and SAIF Corporation,
*Respondents.*

(91-00042; CA A75719)

850 P2d 403

David O. Wilson, Eugene, argued the cause and filed the brief for petitioners.

Edward Harri, Eugene, argued the cause for respondent Gerald W. Senters. On the brief were Christine Jensen and Malagon, Moore, Johnson, Jensen & Correll, Eugene.

Steven Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents B.J. Equipment and SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Liberty Northwest Insurance Corporation (Liberty) seeks review of an order of the Workers' Compensation Board determining that it is responsible for claimant's right shoulder and low back condition.

Claimant sustained a low back injury while working for Liberty's insured in March, 1988. Dr. Hockey performed a lumbar laminectomy at L5-S1. Liberty accepted the claim and, by stipulation, awarded claimant 7.5 percent unscheduled permanent partial disability. In August, 1989, claimant began working for SAIF"s insured. In October, 1990, he began to feel pain in the low back and right leg. The symptoms were identical to those he had experienced after the 1988 injury.

Hockey treated claimant for a recurrent herniated disc at L5-S1, and performed a second laminectomy on October 29, 1990. Claimant had a third surgery on November 5, 1990, to remove two large disc fragments impairing the right S1 nerve root. After the surgery, claimant had pain in his right shoulder as a result of the way in which he had been positioned on the operating table.

Liberty denied responsibility for claimant's right shoulder and back condition and requested the designation of a paying agent under ORS 656.307. Claimant filed a claim for his low back condition with SAIF, which denied responsibility for both the low back and the right shoulder. It later denied the compensability of the claim. A referee designated Liberty as the paying agent.

The Board, in affirming the referee, found that claimant had suffered an aggravation of his low back condition after the closure of his claim. It found, further, that the 1988 injury is the major contributing cause of the disability and need for treatment for the back. It found that the shoulder condition is "intrinsically related" to the disc herniation, "the treatment for which is the major contributing cause of the development of the shoulder condition." Those findings are supported by substantial evidence.

■  The Board held that the low back condition is compensable. It analyzed the question of responsibility under

ORS 656.308, which provides:

> "(1)  When a worker sustained a compensable injury, the responsible employer shall remain responsible for further compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability shall be processed as a new injury claim by the subsequent employer.

> "(2)  * * * Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease."

The Board held that, in light of subsection (2) of the statute, which refers repeatedly to the claim for "injury or disease," the term "compensable injury," as used in subsection (1), is intended to encompass occupational disease claims. We agree.

■      The Board held that, in order for Liberty to shift responsibility for claimant's back condition to SAIF, it would have to establish that, during the employment with SAIF's insured, claimant experienced a new compensable injury or occupational disease. We agree with that analysis. *See SAIF v. Drews*, 117 Or App 596, 845 P2d 217 (1993). Additionally, the Board reasoned that proof of a new compensable occupational disease would require Liberty to establish that employment conditions at SAIF's insured were the major contributing cause of claimant's disease or its worsening. That is the standard of proof for the establishment of an occupational disease, ORS 656.802(2), and we agree with the Board that that is what Liberty must show in order to shift responsibility for claimant's back condition to SAIF. The Board found that claimant did not develop an occupational disease during his employment with SAIF's insured, and concluded that responsibility remains with Liberty. The Board's findings are supported by substantial evidence, and we affirm its determination that Liberty remains responsible for claimant's low back condition.

Liberty does not contend that the Board erred in assigning it responsibility for the shoulder condition; accordingly, we do not address that condition separately.

Affirmed.