Argued and submitted February 2, reversed and remanded for reconsideration
May 25, 1994

In the Matter of the Compensation of
Wayne Bennett, Claimant.

Wayne BENNETT,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Siltec Corporation,
*Respondents.*

(91-11454; CA A80711)

875 P2d 1176

Margaret H. Leek Leiberan argued the cause for petitioner. With her on the brief were Leiberan & Grazeley and Richard M. Walsh.

Patricia Nielsen argued the cause for respondents. With her on the brief was Kevin L. Mannix, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed employer Siltec Corporation's (Siltec) denial of his claim for compensation for hearing loss. We reverse.

Claimant worked for Caterpillar, Inc. (Caterpillar) and its predecessor beginning in 1964. At that job, he was exposed to noisy conditions. Sometime after Caterpillar purchased the company in the early 1970's, claimant began wearing hearing protection. He also began to notice a hearing loss. When claimant left employment with Caterpillar in April, 1989, he had suffered significant bilateral hearing loss. He did not seek treatment or file a worker's compensation claim.

Claimant did not work again until January, 1990, when he began to work in the edge grinder department at Siltec. That job also exposes claimant to noise; he wears hearing protection, although there is a dispute about how much he wears the protection and whether it was properly fitted.

In 1991, claimant filed claims for hearing loss against Caterpillar and Siltec. Caterpillar denied the claim on the basis that claimant's condition did not arise out of or in the course of his employment with Caterpillar and that the claim was not timely filed. Siltec originally denied only responsibility, asserting that the hearing loss was a result of claimant's exposure to noise at Caterpillar, and that work conditions at Siltec did not contribute to the hearing loss.

Claimant entered into a disputed claim settlement (DCS) with Caterpillar. In that agreement, the parties stipulated, in part:

"[Caterpillar] denied this claim on March 12, 1991, for the reason that claimant's condition did not arise out of or in the course and scope of his employment, and further, that he has untimely filed the claim. There being a bona fide dispute and the parties wishing to resolve this matter on a disputed claim basis, and both having evidence to respect [sic] their respective positions;

"IT IS HEREBY STIPULATED AND AGREED that this matter be compromised and settled, * * * by [Caterpillar's

> insurer] paying and claimant accepting, the sum of $7,500 in full and final settlement of his claim. In consideration for this payment, claimant agrees that his claim shall remain in its denied status and that he shall take no workers' compensation benefits on account thereof."

The denial by Siltec went to hearing. At the outset of the hearing, Siltec asserted that it denied both compensability and responsibility. Claimant did not object to the addition of compensability as an issue.

The referee upheld Siltec's denial. The Board affirmed and adopted the referee's order. It relied on *Garcia v. Boise Cascade Corp.*, 103 Or App 508, 798 P2d 265 (1990), to hold that, because Siltec was the only potentially responsible employer left in the case after claimant entered into the DCS with Caterpillar, claimant had elected to prove actual causation against Siltec and could not rely on the last injurious exposure rule to establish the compensability of his claim. It distinguished *E.C.D., Inc. v. Snider*, 105 Or App 416, 805 P2d 147 (1991), and *Meyer v. SAIF*, 71 Or App 371, 692 P2d 656 (1984), *rev den* 299 Or 203 (1985), on the ground that those cases, which allowed application of the last injurious exposure rule when only one employer remained in the case, involved responsibility issues only.

In order to establish that his hearing loss is an occupational disease, claimant must show that it arose "out of and in the course of employment" and was "caused by substances or activities to which [he was] not ordinarily subjected or exposed other than during a period of regular actual employment * * *." ORS 656.802(1). He must show that work was the major contributing cause of his disease. *See Runft v. SAIF*, 303 Or 493, 498, 739 P2d 12 (1987). When a claimant asserts that work conditions at a single employer are the cause of a disease, the proof requirements are relatively straight forward: The claimant must show that employment conditions at that employer were the major contributing cause of the disease. When a claimant asserts that work conditions at multiple employers contributed to the disease, the claimant faces difficulties in proving a work relationship: "[T]he claimant must show not only that the disease's major contributing cause was work related, but also show which

employer is responsible for payment of compensation." 303 Or at 499.

■     The courts have adopted the last injurious exposure rule to mitigate that difficulty. The rule is that,

> "if a workers' compensation claimant has worked for more than one employer that could have contributed to the claimant's occupational disease, the last injurious exposure rule assigns full responsibility for payment of compensation for the disease to the last [employer that could have contributed to the disease] for whom the claimant worked." 303 Or at 499. (Footnote omitted.)

The rule is used both as a rule of proof, to relieve claimants of the need to prove the degree to which exposure to disease-causing substances or conditions at a particular employment caused the disease, and as a means of assigning responsibility as a matter of administrative efficiency. It operates generally for the benefit of the interests of claimants, relieving them of the sometimes impossible task of proving which of multiple employers actually caused a work-related condition. *See Bracke v. Baza'r*, 293 Or 239, 249, 646 P2d 1330 (1982).[1]

■     Claimant argues that he did not elect to prove actual causation by Siltec by entering into the DCS with Caterpillar, and that he should be able to rely on the last injurious exposure rule to prove that employment caused his condition. Siltec argues that the rule cannot be used in this case, because claimant did elect to prove actual causation by settling his claim against Caterpillar. The effect of the DCS, according to Siltec, is to make any hearing loss that was caused by claimant's employment at Caterpillar a preexisting noncompensable condition. Accordingly, claimant must show that

---

[1] The dissent says that the 1990 enactment of ORS 656.308(1) "effectively overturned the last injurious exposure rule as it relates to industrial injuries," citing *SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993). 128 Or App at 82 n 2. We disagree that ORS 656.308(1) has any effect on the last injurious exposure rule in an initial claim context. Both ORS 656.308(1) and *SAIF v. Drews, supra*, address the shifting of responsibility from an employer that is responsible for an accepted claim, to a later employer that has made some contribution to the disability or need for treatment of the same condition. The statute has no application in this case, because there is no accepted claim. In this initial claim context, the question is whether claimant has a compensable claim at all and, if so, whether Siltec is the responsible employer.

employment at Siltec was the major contributing cause of a worsening of the preexisting noncompensable disease.[2]

In *Garcia v. Boise Cascade Corp., supra,* the claimant sought to apply the last injurious exposure rule to hold his last employer liable for his degenerative back condition. After concluding that substantial evidence supported the Board's finding that employment was not the major contributing cause of the claimant's condition, we addressed the last injurious exposure argument and said:

> "Under [the last injurious exposure] rule, the last employer whose work could have caused the condition is responsible without proof of actual causation. That rule has no application here, because only one self-insured employer is involved. By bringing a claim against employer only, claimant elected to prove actual causation." 103 Or App at 511. (Citations omitted.)

Because we had already upheld the Board's finding that the claimant's condition was not caused in major part by the claimant's employment, our discussion of the last injurious exposure rule was *dictum.* The threshold question whenever compensability is at issue is whether employment was the major contributing cause of the condition. Because the claimant in *Garcia* had not proved that, his argument that the last injurious exposure rule should have applied was moot: Without the requisite employment connection, there is no compensable claim. Our discussion of the last injurious exposure rule in *Garcia* was not necessary to our decision in that case, and we decline to follow it.[3]

In *Meyer v. SAIF, supra,* and *E.C.D., Inc. v. Snider, supra,* we held that each of the claimants could rely on the last injurious exposure rule to obtain compensation for their

---

[2] The dissent takes a different tack, concluding that the reason for applying the last injurious exposure rule does not exist in this case, because claimant attributed a portion of his hearing loss to his employment with Caterpillar. 128 Or App at 80. The DCS, in fact, does not result in a finding of either compensability or responsibility as against Caterpillar; instead, it says that claimant's claim "shall remain in its denied status." That is not a recognition that Caterpillar caused claimant's hearing loss. Further, as we said in *Medford Corp. v. SAIF,* 128 Or App 119, 875 P2d 1182 (1994), Oregon law does not provide for apportioning liability among several employers for a single condition.

[3] The dissent faults us for not following the principle of *stare decisis.* We decline to apply that principle to the *dictum* in *Garcia.*

claims against a single employer. Siltec attempts to distinguish those cases on the basis that they involved issues of responsibility only and that, here, compensability was also an issue.

In *Meyer*, there was no dispute that the claimant's asbestosis was caused by his employment. SAIF nonetheless argued that the disease was not compensable, because it had been caused by earlier extensive exposures to asbestos, and the claimant's exposure while working for SAIF's insured was too brief and too recent to have caused the disease. It argued that the asbestosis was a preexisting condition and therefore the claimant had to meet the standard for proving compensability of a worsening of a preexisting condition. In response to SAIF''s argument that the last injurious exposure rule did not apply, because only one potentially responsible employer was in the case, we said that

"[t]he rule applies when the occupational disease could have been caused by work conditions at any one of several employments, and the question is which employer is responsible. * * * Simply because SAIF is the only insurer that is a party to this case does not render the rule inapplicable." 71 Or App at 373 n 1. (Citations omitted.)

We then applied the rule and concluded that, because the employer insured by SAIF could have caused the claimant's asbestosis, "that employment is deemed to have caused the disease." 71 Or App at 375.

In *E.C.D., Inc. v. Snider, supra*, in which responsibility was the only issue, we again said that a later insurer could contest responsibility, even though it was the only potentially responsible insurer left in the case.

The holdings of those two cases do not compel any particular conclusion about whether the last injurious exposure rule can apply as against a single employer when compensability is an issue. Siltec has not articulated a persuasive argument for allowing application of the rule for assignment of responsibility but not as a rule of proof of causation, when only one potentially causal employer remains in the case.[4]

---

[4] Siltec argues that allowing claimant to rely on the last injurious exposure rule under these circumstances would be unfair to employer and would be against public policy. It does not provide any explanation for or expansion on the argument. There

The two applications of the last injurious exposure rule are identical; they merely serve two different purposes, one to make assignment of responsibility more administratively efficient and the other to assist a claimant's proof of compensability. The different purposes provide no basis for denying application of the rule in one situation but allowing its use in another.

■    As the court said in *Bracke v. Baza'r, supra,* a claimant *can* elect to prove actual causation against a single employer. That is not this case. Claimant filed claims against both employers; his claim has consistently been that both employers could have contributed to his hearing loss. The DCS does not, by its terms, evidence an agreement by claimant that work at Caterpillar did not contribute in any way to claimant's loss of hearing; nor does it by its terms indicate an election to prove actual causation as against Siltec. There is nothing in the DCS with Caterpillar that shows an election to prove actual causation against Siltec.

■■    Accordingly, claimant must show that employment conditions, which may include conditions to which he was exposed at Caterpillar, were the major contributing cause of his hearing loss. If he does that, he may rely on the last injurious exposure rule to prove the compensability of the claim against Siltec by showing that employment conditions there could have caused the condition. As we said in *E.C.D., Inc. v. Snider, supra,* if the evidence shows that employment at Siltec could not have caused claimant's condition, the result is that claimant will receive no compensation. That is a consequence that claimant must be deemed to have accepted by entering into the DCS with the only other potentially causal employer.

Claimant also assigns error to various findings by the Board. Because, on reconsideration, the Board may make whatever findings are necessary to application of the correct legal test, we will not address claimant's assignments that challenge the findings.

Reversed and remanded for reconsideration.

---

is no obvious unfairness from application of the rule, nor do we see how it would run counter to public policy.

**EDMONDS, J.,** dissenting.

The Workers' Compensation Board found that claimant's employment with Siltec, his last employer, was not the major contributing cause of his hearing disability or any worsening of it. Consequently, it held that claimant had failed to establish the compensability of his condition as to Siltec.[1] The majority reverses, holding:

> "Accordingly, claimant must show that employment conditions, which may include conditions to which he was exposed at Caterpillar, were the major contributing cause of his hearing loss. If he does that, he may rely on the last injurious exposure rule to prove the compensability of the claim against Siltec by showing that employment conditions there could have caused the condition." 128 Or App at 78.

Claimant worked for Caterpillar and its predecessor from 1964 to 1989. He suffered a significant loss of hearing during that period of time. He began to work for Siltec in January, 1990, and filed his claims against Caterpillar and Siltec in October of that year. One expert testified that the audiology reports indicated that "there was almost no decrease in [claimant's] hearing acuity while he worked [for Siltec], and that the major extent of his hearing loss occurred while he was at [Caterpillar]." He said that "maybe 5 percent" of the loss could be attributed to Siltec. Another witness opined that if claimant had worn his ear plugs while working at Siltec as he had told the witness he had, the change in claimant's hearing after he began work at Siltec was not likely to have been caused by exposure to noise at Siltec, but could have been caused by the aging process. Both employers denied the claims. Claimant requested a hearing on both denials. Before the hearing, he entered into a disputed claims settlement with Caterpillar. The majority reverses the Board and holds that the last injurious exposure rule is applicable. I disagree.

---

[1] The Board adopted the findings of the referee, who said:

"[N]either audiologist opined that the condition *actually* worsened during the Siltec employment. The evidence does not support a proposition that claimant's employment at Siltec was even a material contributing cause of any worsening of the condition, and certainly does not rise to the level of establishing that the Siltec employment was the major contributing cause." (Emphasis in original.)

The "last injurious exposure" rule is both a rule of proof and a rule of responsibility. It relieves a claimant of proving that exposure at a particular employer's work place caused the disease, because the claimant is required to prove only that the disease was caused by an employment-related exposure. It also assigns responsibility to the last employer at which claimant could have been exposed to the disease-causing substances. *Runft v. SAIF*, 303 Or 493, 500, 739 P2d 12 (1987). The purpose underlying both parts of the rule is to provide claimant a remedy when it is demonstrable that the condition is work-related, but the trier of fact is unconvinced that any one employment is the likeliest cause of the disease. *Boise Cascade Corp. v. Starbuck*, 296 Or 238, 245, 675 P2d 1044 (1984).

In *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982), the court held that liability was properly assigned to the claimant's previous employer when the onset of the disease occurred at that employment and the subsequent employment did not contribute to the disease. It held that under the circumstances, the last injurious exposure rule was not applicable. It said: "There is no reason to apply the rule with any greater arbitrariness than is required to achieve its purposes * * *." 293 Or at 250 n 5. Here, as in *Bracke v. Baza'r, supra*, the finder of fact did not believe that the subsequent employment worsened claimant's hearing disability.

Moreover, although he was aware that one expert attributed at least 95% of his hearing loss to his employment at Caterpillar and the other did not believe his disability was caused by his employment at Siltec, claimant chose not to pursue his claim against Caterpillar in lieu of a settlement for $7,500. By the settlement, claimant attributed a portion of his hearing loss to his 25-year period of employment with Caterpillar. When it is uncontroverted that the disability is caused by an exposure occurring during an earlier employment, there is no reason to apply the last injurious exposure rule even if the work exposure at the later employment could have contributed to the disability. *See Boise Cascade Corp. v. Starbuck, supra*, 296 Or at 243. The rule "is not intended to transfer liability from an employer whose employment caused a disability to a later employer whose employment did

not." 296 Or at 244. Because the issues of compensability and responsibility are resolved as to Caterpillar, there is no policy reason to relieve claimant of the burden of demonstrating that the actual causation of his hearing loss was his employment at Siltec.

Our decision in *Garcia v. Boise Cascade Corp.*, 103 Or App 508, 798 P2d 265 (1990), was based on a similar analysis. In that case, the claimant had osteoarthritis in his lower back, a degenerative condition that was manifested after 1980. He had worked for the employer from 1963 to 1980, when he was laid off. He then worked for several employers until he was rehired by the employer in February, 1983. He was injured in 1985. The employer accepted the claimant's claim for injury except for the degenerative changes in his back, which it denied. On hearing, the Board held that the claimant had failed to prove that "the work activities for the employer were the major contributing cause" of his condition. The claimant argued that the last employer should be found liable under the last injurious exposure rule. Judge Warren, writing for this court, said that the last injurious exposure rule had no application when the claim was brought against one employer only, because by doing so, "claimant elected to prove actual causation." 103 Or App at 511. That reasoning is no less applicable here.

In summary, I would hold claimant to the legal effect of his settlement with Caterpillar. When he entered into a disputed claim settlement agreement, the need for the application of the last injurious exposure rule disappeared because the remaining claim is against only one employer. The threshold issue is whether claimant's condition was caused solely by the work activities at Siltec. The Board was right when it reasoned that the result in this case is controlled by our holding in *Garcia*. By his settlement, claimant has elected to proceed against only Siltec, and he should be held to the same standard of proof that would have existed had he initially filed his claim against only Siltec. After reading the majority opinion, the Board and employer will feel like they have been in a football game where every time a team gets ready to kick a field goal, the referee changes the locations of the goal posts. In an area of the law fraught with statutory interpretation

and hypertechnicalities, we do no service to claimants or employers when we fail to honor the principle of *stare decisis*.

I dissent.[2]

---

[2] As part of the 1990 amendments to the Workers' Compensation Laws, the legislature enacted ORS 656.308, which effectively overturned the last injurious exposure rule as it relates to industrial injuries. *See SAIF v. Drews*, 318 Or 1, 7 n 3, 860 P2d 254 (1993). The legislature did not intend to overrule case law concerning the rule as it relates to occupational diseases. *See* Tape Recording, House Special Session, May 7, 1990, Tape 2, Side A at 190 (Representative Mannix) ("[t]his bill does not address responsibility in occupational disease claims. That to me is a glaring omission that I hope we will take up next session"). *But see Liberty Northwest Ins. Corp. v. Senters*, 119 Or App 314, 850 P2d 403 (1993).