Argued and submitted January 28, affirmed May 25, petition for review denied
August 30, 1994 (320 Or 109)

In the Matter of the Compensation of
Dean M. Hunsaker, Claimant.

MEDFORD CORPORATION,
*Petitioner,*

*v.*

SAIF CORPORATION
and Dean M. Hunsaker,
*Respondents.*

(92-03563, 92-03562; CA A79649)

875 P2d 1182

H. Scott Plouse argued the cause for petitioner. With him on the brief was Cowling & Heysell.

Steven Cotton, Assistant Attorney General, argued the cause for respondent SAIF. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Hunsaker.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

### ROSSMAN, P. J.

Employer, Medford Corporation (Medco), a self-insured employer, seeks review of a Workers' Compensation Board order holding that Medco is responsible for claimant's work-related hearing loss. We affirm the Board.

Claimant suffered bilateral hearing loss while working for Medco between 1954 and 1991, during which time he was exposed to noise from chain saws and air compressors. Medco was insured by SAIF until July 1, 1988, at which time it became self-insured. Claimant has had several hearing tests over the years. The last test that he had before Medco became self-insured was on August 13, 1987; the test indicated a combined binaural hearing loss of 23.31 percent.

Claimant filed his claim on October 31, 1991. He sought treatment from Dr. Ediger on November 26, 1991, and a hearing test taken on that day indicated a combined binaural hearing loss of 28.18 percent. Both SAIF and Medco, in its self-insured capacity, denied the claim. The Board found that claimant first sought treatment for his condition after Medco became self-insured. It held that Medco, in its self-insured capacity, was responsible for the claim and that SAIF was not.

■■ The parties concede that the claim is compensable, because claimant's work is the major contributing cause of his condition. They also concede that each period of employment contributed to claimant's hearing loss. The only question is which insurer, SAIF or Medco as self-insured, is responsible for the claim. The Board's finding that claimant first sought medical treatment for his condition in November, 1991, after Medco became self-insured, is supported by substantial evidence. Claimant has not experienced any time loss as a result of his condition. Under application of the last injurious exposure rule, responsibility for the entire condition is properly assigned to Medco, the party at risk at the time claimant first sought medical treatment. *Progress Quarries v. Vaandering*, 80 Or App 160, 722 P2d 19 (1986); *SAIF v. Carey*, 63 Or App 68, 662 P2d 781 (1983).

Medco argues that, because claimant's hearing loss from each period of employment can be precisely quantified, claimant has, in fact, two disabilities, responsibility for which

can be allocated to two separate entities. The argument has superficial appeal; however, it overlooks the fact that, although it is possible to measure the contribution that each period of employment made to claimant's hearing loss, claimant has but one hearing loss. Oregon law does not apportion liability among several employers or insurers for a single condition. Under Oregon's application of the last injurious exposure rule, full responsibility for the claim is assigned to Medco, based on the last period of employment that contributed to claimant's hearing loss. *Runft v. SAIF*, 303 Or 493, 739 P2d 12 (1987); *Inkley v. Forest Fiber Products Co.*, 288 Or 337, 605 P2d 1175 (1980).

Affirmed.